# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALEXANDER JIGGETTS | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JKB-12-419 |
| MARS SUPERMARKET, THOMAS VEYSTRK, and CHRISTOPHER P. D'ANNA | * * | |
| Defendants | * | |

***

## MEMORANDUM

The above-captioned case was filed on February 9, 2012. The self-represented pleading is styled as a petition for writ of habeas corpus and was accompanied by a five-dollar filing fee. Plaintiff is not, however, incarcerated and the substance of the claims raised is in the nature of a civil rights complaint. Accordingly, the case has been liberally construed as a civil rights complaint filed pursuant to 42 U.S.C. §1983. The remainder of the filing fee ($345) is waived.

Plaintiff Alexander Jiggetts ("Jiggetts") demands release from the restraints on his liberty placed on him by Mars Supermarket employee Michael McGowan on February 21, 2011. Jiggetts asserts that he was the victim of discrimination when he was forced to leave the store, his picture was illegally taken, and he was subsequently banned from the store. He states that when the police arrived and did not arrest him, he should have been permitted to return to the store and continue shopping. He further claims he was only arrested after he left the store and though he committed no crime, he was banned from all Mars store locations. Jiggetts states that the employee who banned him from all locations was not authorized to do so since he was not the owner of the store. He alleges that requiring him to leave was discriminatory and violates a

"three year decree" issued by this court, stating that Mars must provide anti-discrimination training to their employees. ECF No. 1 at pp. 1 - 2.

Jiggetts also filed a motion for change of venue and affidavit for bias or prejudice with his complaint. ECF No. 2. In the motion he asserts that he has had 16 cases assigned to Judge Motz and the Baltimore Clerk's Office "altered and changed my cases to their likings." He states that the instant filing relates to all of his other cases and Judge Motz should have recused himself from deciding any of his other cases. Jiggetts mailed the instant complaint to the Clerk's Office for the United States Bankruptcy Court in Greenbelt, Maryland. The motion is nonsensical and will be denied.

The claims raised by Jiggetts were raised in a prior case. *See Jiggetts v. Mars Supermarket, et al.*, Civil Action No. JFM-11-1872 (D. Md. 2011). In that case a motion to dismiss was filed on behalf of defendants and it was granted by this court. *Id.* at ECF No. 21 and 22. Currently there is a motion for reconsideration pending in that case. *Id.* at ECF No. 28. The complaint was dismissed because Jiggetts failed to establish there was state action taken against him, an essential element in a civil rights claim. ECF No. 21.

Jiggetts' claims are barred by *res judicata*. Where there has been a final judgment on the merits in a prior suit; an identity of the cause of action in both the earlier and the later suit; and an identity of parties or their privies in the two suits, *res judicata* is established. *See Pension Ben. Guar. Corp. v. Beverley*, 404 F. 3d 243, 248 (4th Cir. 2005). The doctrine of *res judicata* precludes the assertion of a claim after a judgment on the merits in a prior suit by the same parties on the same cause of action. *See Meekins v. United Transp. Union*, 946 F. 2d 1054, 1057 (4th Cir. 1991). In addition, "'[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously

available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id., quoting Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F. 2d 355, 359 (4th Cir. 1989). The claims before the court were raised against the same parties and concern the same events involved in the prior litigation. Accordingly, the complaint will be dismissed by separate order which follows.

2/24/12
Date

James K. Bredar
United States District Judge